IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES A FULLARD, SR.                :

    Plaintiff                              :

v                                                      :      Civil Action No. CCB-06-3437

ROLAND WALKER                        :

    Defendant                         :

o0o

**MEMORANDUM**

The above-captioned civil rights action, filed on December 27, 2006, alleges that plaintiff's criminal defense attorney committed legal malpractice.  Paper No. 1.  The complaint seeks monetary damages.  For the reasons set forth below, the complaint must be dismissed.

Plaintiff has accumulated three or more dismissals of prior prisoner civil rights actions pursuant to 28 U.S.C. § 1915(e).[1]  The statute precludes a prisoner litigant, such as plaintiff, from filing a prisoner civil action *in forma pauperis* unless he can show that he is in "imminent danger of serious physical injury."  Thus the complaint must be evaluated under 28 U.S.C. § 1915(g) to see whether the claim meets the "imminent danger" exception.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *See Heimermann v. Litscher*, 337 F.3d 781, 782  (7th Cir. 2003);

---

[1] *See Fullard v. City of Baltimore*, Civil Action No. CCB-97-595 (D. Md. 1997) (dismissed as frivolous March 7, 1997); *Fullard v. JCI Finance*, Civil Action No. CCB-06-1508 (D. Md. 2006) (dismissed as frivolous June 26, 2006); and *Fullard v. Smith*, Civil Action No. CCB-06-1509 (dismissed as frivolous June 26, 2006).

*Malik v. McGinnis*, 293 F.3d 559, 562-63 (2$^d$ Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318 (3$^d$ Cir. 2001) (en banc).   Upon review of the allegations raised in the instant complaint, it is clear that plaintiff can not show that he is in imminent danger.  Accordingly, he is not permitted to file this claim unless it is accompanied by the $350 filing fee.[2]  By separate order which follows, the complaint shall be dismissed without prejudice and plaintiff's motion for summary judgment shall be denied.


January 12, 2007                                               /s/
Date                                                      Catherine C. Blake
                                                          United States District Judge

---

[2] The court notes that the instant claim is itself frivolous inasmuch as a constitutional claim may not be raised where there is no state action and this court has no jurisdiction over a state law claim for legal malpractice where there is no diversity of citizenship between the parties.  *See* 28 U.S.C. §1332.